UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21217-CIV-MORENO

JEAN C. PIERRE and ADELINE T. PIERRE,

    Plaintiff,

vs.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED. Additionally, all pending motions are DENIED AS MOOT.

In their *in forma pauperis* complaint, the Plaintiffs request an injunction against the Defendant, the United States Bankruptcy Court of the Southern District of Florida. Plaintiffs allege they were not notified of a Motion for Relief from Stay by the moving party and therefore could not oppose it. The Plaintiffs then provide argument that appears meant for the Bankruptcy Court, specifically Federal Rule of Civil Procedure 17(a), UCC Rule 3-305-(a)(1) and Federal Bankruptcy Rule 3001D.

The Court cannot discern any viable cause of action, and even if there is one, the Defendant judges are entitled to judicial immunity. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in 'clear absence of all jurisdiction.'")(quoting *Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1978)). In 1996, Congress passed the Federal Courts Improvement Act, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending § 1983 and protecting judges from injunctive relief, providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In *Bolin*, the Eleventh Circuit held that federal judges are granted absolute immunity from injunctive relief claims. *Bolin*, 225 F.3d at 1243.

The Court also dismisses the case under the frivolity statute. Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)(discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest that obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id.* at 327. However, this Court notes that a *pro se* plaintiff must be given greater leeway in pleading a complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court evaluates Plaintiffs' *in forma pauperis* complaint. After reviewing the entire complaint, it appears the Plaintiff may have confused filing an appeal with

filing for injunctive relief. As such, Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law" and it seeks injunctive relief. *Neitzke*, 490 U.S. at 327. Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of March, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Jean C. Pierre & Adeline T. Pierre
19401 NE 22nd Road
North Miami Beach, FL 33179